UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| LINDA ROPER RICHARDSON,        ) | |
|                                ) | |
|         Plaintiff,             ) | |
|                                ) | |
| v.                             ) | Case Number: 2:19-cv-01032-JHE |
|                                ) | |
| BESSEMER BOARD OF EDUCATION, et ) | |
| al.,                           ) | |
|                                ) | |
|         Defendants.            ) | |

## MEMORANDUM OPINION AND ORDER[1]

Plaintiff Linda Roper Richardson ("Richardson") initiated this action asserting various civil rights and employment discrimination claims against Defendants Bessemer Board of Education (the "Board"), its members in their individual and official capacity, and its superintendent Keith A. Stewart ("Stewart" or the "Superintendent") in his individual and official capacity. (Doc. 1). The Board and its members filed a motion to dismiss (doc. 15), as did the Superintendent (doc. 19). Both motions were fully briefed (docs. 24, 25, 26, & 27), and, on October 7, 2019, the undersigned entered a Memorandum Opinion and Order granting in part and denying in part the motions to dismiss, and instructing Richardson to file an amended complaint consistent with the memorandum opinion. (Doc. 30).

On October 28, 2019, Richardson filed an amended complaint (doc. 31), and, again, the Board and its members moved to dismiss (doc. 33), as did the Superintendent (doc. 34). Both of

---

[1] In accordance with the provisions of 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73, the parties have voluntarily consented to have a United States Magistrate Judge conduct any and all proceedings, including trial and the entry of final judgment. (Doc. 28).

1

the motions to dismiss are fully briefed (docs. 33, 34, 36, & 37) and ripe for review. For the reasons stated below, the motions to dismiss (docs. 33 & 34) are **GRANTED IN PART AND DENIED IN PART**.

## I. Standard of Review

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain "a short and plain statement of the claim showing the pleader is entitled to relief." "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" are insufficient. *Iqbal*, 556 U.S. at 678. (citations and internal quotation marks omitted). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement." *Id.* (citing *Twombly*, 550 U.S. at 557).

Rule 12(b)(6), Fed. R. Civ. P., permits dismissal when a complaint fails to state a claim upon which relief can be granted. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (citations and internal quotation marks omitted). A complaint states a facially plausible claim for relief "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted). The complaint must establish "more than a sheer possibility that a defendant has acted unlawfully." *Id. See also Twombly*, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level."). Ultimately, this inquiry is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*,

556 U.S. at 679.

## II. Analysis

The Amended Complaint alleges that Richardson is a fifty-seven-year-old black woman. (Doc. 31 at ¶ 10). The crux of her allegations is that, after the Board selected Richardson to be the Director of Attendance, Safety, and Security on July 16, 2015, the Superintendent and the Board "failed to credit [her] for her appropriate years of service and experience[,]" which caused Richardson to make less money than she was entitled to. (*Id.* at ¶¶ 10, 12-13). Richardson further alleges the Board credited other employees, including white people, men, and/or employees who were under forty-years-old, commensurate with their education, training, and experience. (*Id.* at ¶13).

Richardson separates the Amended Complaint into five causes of action. (*See* doc. 31). Count One alleges that Superintendent Dr. Stewart and the Board paid Richardson less than other "similarly situated" individuals in violation of the Equal Protection Clause of the Fourteenth Amendment. (*Id.* at ¶¶ 22-25). Count Two alleges Dr. Stewart and the Board "discriminated . . . and/or retaliate[ed]" against Richardson based on her race in violation of Title VII. (*Id.* at ¶ 29). Count Three alleges the Board "discriminated and/or retaliated" against Richardson based on her age in violation of the ADEA. (*Id.* at ¶ 31). Count Four asserts the Board discriminated against Richardson based on her sex in violation of Title VII, the Fourteenth Amendment, 42 U.S.C. § 1983, the Equal Pay Act, and Title IX. (*Id.* at ¶ 35). Count Five alleges Dr. Stewart and the Board retaliated against Richardson in response to her complaints of discrimination, thereby creating a hostile work environment, in violation of Title VII, 42 U.S.C. § 1981, ADEA, and Title IX. (*Id.* at ¶ 37).

As an initial matter, although she names the individual members of the Board in the caption

and as parties in the Amended Complaint (doc. 31 at ¶ 4), Richardson asserts no claims against the individual Board members. (*See id.* at ¶¶ 21-37). Accordingly, having previously been instructed regarding the requirements of pleadings (*see* doc. 30), the action will be **DISMISSED** as to the individual Board members.

Additionally, in the previously entered Memorandum Opinion and Order, the undersigned explained that Richardson's complaint was an impermissible shotgun pleading and ordered Richardson to cure the deficiencies in her Amended Complaint. (Doc. 30 at 3-5). Despite pointing to specific deficiencies and providing a thorough explanation of how to cure those deficiencies, Richardson's Amended Complaint remains an impermissible shotgun-style pleading. The Amended Complaint continues to improperly incorporate all prior paragraphs in each subsequent cause of action, thereby creating confusion as to which of the factual allegations support each cause of action. Richardson points to *Joe Hand Promotions, Inc. v. Hart*, No. 11-80971-CIV, 2012 WL 1289731, *1 (S.D. Fla. Apr. 16, 2012), for the proposition that incorporation by reference of all preceding allegations in a complaint is not necessarily fatal. (Doc. 37 at 6). Not only is *Joe Hand Promotions, Inc.*, a case from the Southern District of Florida, not binding on this Court, but it is distinguishable. In that case, the court held that, despite the incorporation of all preceding allegations, the claims in the complaint were "sufficiently definite to enable Defendants to know with what they [were] charged and to enable Defendants to respond to the allegations." *Joe Hand Productions, Inc.*, 2012 WL 1289731, *1. There is no such clarity in Richardson's Amended Complaint.

Despite the instructions in the previously entered Memorandum Opinion and Order, Richardson continues to assert multiple claims against multiple defendants in a single count. This creates confusion and is not permitted. As previously instructed, each count should include only

one cause of action against one defendant.  (Doc. 30 at 3 (citing *Weitland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1321-23 (11th Cir. 2015)).  For example, Count I is asserted against both Dr. Stewart and the Board.  (Doc. 31 at ¶ 22).  This is not permitted.  Likewise, each count should include a single claim.  An example of not following this rule can be found in Count IV, wherein Richardson cites Title VII, the Fourteenth Amendment via 42 U.S.C. §1983, the Equal Pay Act, and Title IX as the bases for her sex discrimination claims.  (*Id.* at ¶ 35).

There is additional confusion and inconsistency as to what claims are actually asserted, leaving Defendants without adequate notice of the claims against them.  As explained more fully below, it appears Richardson contends "Dr. Stewart is individually charged in Counts I and II under 42 U.S.C. [§§] 1981, 1983[,] although the Amended Complaint typographically left out the '1981' in Counts I and II."  (Doc. 37 at 5).  However, the only reference to 42 U.S.C. §1981 is in paragraph 2, where all the statutory authority is listed.  (Doc. 31 at ¶ 2).

After spending significant time with the Amended Complaint and Richardson's responses to the motions to dismiss, it appears that Richardson intended Count I include all of her Equal Protection claims asserted through §1983; Count II include all of her race discrimination claims; Count III include all of her age discrimination claims, Count IV include all of her sex discrimination claims, and Count V include all of her retaliation claims.  (*See* docs. 31, 36, & 37).  While this does not cure the defects in her original complaint, the undersigned can see that Richardson is attempted to provide the defendants adequate notice of the claims against them.  For that reason, Richardson will be permitted to file a Second Amended Complaint consistent with this Memorandum Opinion and Order.

Finally, to the extent the Board argues that Richardson has "drained the pool of viable comparators" by citing that others who are non-black, male, and under forty-years-old were paid

more based on experience and education (doc. 33 at 4), Rule 8(d)(3) plainly allows a plaintiff to plead in the alternative: "A party may state as many separate claims or defenses as it has, regardless of consistency." *See e.g.*, *Porter v. Am. Cast Iron Pipe Co.*, Case No. 2:09-cv-0845-AKK, 2010 WL 11507904, *15 (N.D. Ala. May 28, 2010) (recognizing that courts have continued to allow parties to articulate more than one theory of discrimination for the same adverse employment action post-*Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167 (2009)).  For this reason, to the extent she complies with the remainder of this Memorandum Opinion and Order, Richardson may allege alternate or intersectional motives for the alleged adverse employment action.

The Second Amended Complaint **MUST** separate each cause of action into a separate count and only name one defendant per count.  Those counts are limited by the analysis below:

### A. Count I – "Deprivation of Rights, Privileges or Immunities Secured by the Constitution and Laws"

In Count I of the Amended Complaint, Richardson attempts to assert a claim against both Dr. Stewart and the Board for an alleged violation of Richardson's right to Equal Protection provided in the Fourteenth Amendment to the United States Constitution. (Doc. 31 at ¶¶ 21-27). Notably, there is no direct cause of action under the Fourteenth Amendment. *Williams v. Bennett*, 689 F.2d 1370, 1390 (11th Cir. 1982).  Instead. § 1983 "provides the exclusive federal remedy for violations of the Fourteenth Amendment by state actors." *Collier v. Ala. Dept. of Transp.*, 2017 WL 3394737, *3 (N.D. Ala. Aug. 8, 2017).  Because Count I is not asserted pursuant to § 1983, as drafted, it does not state a claim for relief.

As noted above, in response to this argument, Richardson contends "Dr. Stewart is individually charged in Counts I and II under 42 U.S.C. [§§] 1981, 1983 although the Amended Complaint typographically left out the '1981' in Counts I and II, the pleading itself is clear." (Doc. 37 at 5).  Contrary to this assertion, nothing about the Amended Complaint, particularly the

6

statutory authority to support Count I, is clear.  There is nothing in Count I that cites any statutory provision other than Richardson's incorporation of paragraphs 1-20, which is everything in the Amended Complaint that preceded.  (Doc. 31 at ¶ 21).  This is the problem with re-alleging and incorporating everything into each count, something the undersigned warned about in the previous memorandum opinion and order.  A reference to 42 U.S.C. §§ 1981 and 1983 is found in paragraph 2 of the Amended Complaint.  Reading ¶ 2 along with Count I, the undersigned could see that Richardson may be attempting to assert an Equal Protection claim pursuant to § 1983.  However, Count I is asserted against both Dr. Stewart and the Board.  If Richardson wants to assert a claim for violation of Equal Protection through §1983, she must separate her claims against Dr. Stewart and the Board into two counts.  Richardson also needs to specify the protected characteristic on which she bases her Equal Protection claim and not conflate race, sex, and age in a single claim.

### B. Count II – "Race Discrimination Under Title VII"

Despite the prior dismissal of all Title VII claims against Dr. Stewart, the Amended Compliant purports to again assert such claims against Dr. Stewart and the Board.  As the undersigned previously held, there is no individual liability under Title VII.  (Doc. 30 at 5 (citing *Busby v. City of Orlando*, 931 F.2d 764, 772 (11th Cir. 1991)).  Any and all Title VII claims are dismissed as to Dr. Stewart and may not be asserted in the Second Amended Complaint.

As to the Board, Richardson may assert a Title VII race-based claim.  Although titled "Race Discrimination," Count II includes the phrase "and/or in retaliation."  (Doc. 31 at ¶ 29).  This is not permissible.  As the undersigned previously instructed, each count should only include one cause of action.  (Doc. 30 at 3).  Having reviewed the Amended Complaint, there are sufficient allegations to support a Title VII race-based discrimination claim against the Board.  However, all

references to retaliation in this count should be **STRICKEN**.

Furthermore, based on her response to the motion to dismiss, Richardson may be attempting to assert a race discrimination claim pursuant to 42 U.S.C. § 1981 (which would be through § 1983).  It is unclear where this could fall in the Amended Complaint as including it in Count 2 would violate this court's instructions and pleading standards – not to mention that Count II mentions no basis for race discrimination other than Title VII.  However, if Richardson intends to assert a 42 U.S.C. §1981 (through §1983) race discrimination claim against Dr. Stewart in the Second Amended Complaint, she would need to do so in a separate count.

### C. Count III – "Age Discrimination Under the ADEA"

Richardson's claim for age discrimination under the ADEA is only asserted against the Board.  Having reviewed the Amended Complaint, there are sufficient allegations to support an ADEA age-based discrimination claim against the Board.  However, for the same reasons as discussed above, all references to retaliation in this count should be **STRICKEN**

### D. Count IV – "Sex Discrimination in Violation of Title VII"

While Richardson limits Count IV to allegations of sex discrimination against the Board, she alleges that this action violates several different statutes including Title VII, the Equal Pay Act, and Title IX, as well as the Fourteenth Amendment of the United States Constitution.  (Doc. 31 at ¶ 35).  In the previously entered memorandum opinion and order, the undersigned explained that Richardson different causes of action should be addressed in different counts.  (Doc. 30). Notably, Richardson labels Count IV as "Sex Discrimination in Violation of Title VII." (Doc. 31 at 10).  As such, references to any other statutes are **STRICKEN**.  And, having reviewed the Amended Complaint, there are sufficient allegations to support a claim for sex discrimination

under Title VII against the Board.

### E. Count V – "Unlawful Retaliation"

Richardson's final count, Count V, is styled "Unlawful Retaliation." (Doc. 31 at 10). Richardson alleges Dr. Stewart and the Board created a hostile work environment constituting retaliation because she complained of discrimination. (*Id.* at ¶ 37). Having reviewed the Amended Compliant, there are no allegations to support a retaliation or hostile work environment claim. Generally, to establish a hostile work environment claim, a plaintiff must show that her "workplace is permeated with discriminatory intimidation, ridicule, and insult, that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive work environment." *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993). There are no allegations Richardson's job was modified in any way or that she was harassed or mistreated by anyone. Instead, Richardson alleges this was accomplished through "ongoing denials" of her grievances. (*Id.* at ¶ 37). She points to a letter from Dr. Stewart in which he writes "Ms. Richardson, no one disputes your education, professional experience, or qualifications. Based upon my review of the information relevant to your grievance, I find no basis for your claims of discrimination or inequitable treatment." (*Id.*). Richardson's conclusory allegation that Dr. Stewart and the Board's failure to redress her salary complaints were "hostile" and "retaliatory" do not meet the standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662, and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, as Richardson has failed to sufficiently allege any facts to support a claim. Count V is due to be **DISMISSED** pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim.

### III. Conclusion

Based on the foregoing, the motions to dismiss are **GRANTED IN PART AND DISMISSED IN PART**. This action is **DISMISSED** as to all individual Board members because

no claims are asserted against them.  Richardson will have until **June 1, 2020**, to file a Second Amended Complaint that complies with this Memorandum Opinion and Order.

The Second Amended must separate each claim against each defendant into a separate count and may include **ONLY** the following claims (1) Fourteenth Amendment Equal Protection Claim brought via 42 U.S.C. §1983 against Dr. Stewart; (2) Fourteenth Amendment Equal Protection Claim brought via 42 U.S.C. §1983 against the Board; (3) §1981 Race Discrimination Claim brought via 42 U.S.C. §1983 against Dr. Stewart; (4) Title VII Claim for Race Discrimination against the Board, (5) ADEA Claim for Age Discrimination against the Board; and (6) Title VII Claim for Sex Discrimination against the Board.

DONE this 18th day of May, 2020.

_____
**JOHN H. ENGLAND, III**
UNITED STATES MAGISTRATE JUDGE