# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| LINDA ROPER RICHARDSON, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> BESSEMER BOARD OF EDUCATION, et al., ) <br> ) <br> ) <br> Defendants. ) | Case Number: 2:19-cv-01032-JHE |

## MEMORANDUM OPINION AND ORDER[1]

Plaintiff Linda Roper Richardson ("Richardson") initiated this action asserting various civil rights and employment discrimination claims against Defendants Bessemer Board of Education (the "Board"), its members in their individual and official capacity, and its superintendent Keith A. Stewart ("Dr. Stewart" or the "Superintendent") in his individual and official capacity. (Doc. 1). The Board and its members filed a motion to dismiss (doc. 15), as did the Superintendent. (doc. 19). Both motions were fully briefed (docs. 24, 25, 26, & 27), and, on October 7, 2019, the undersigned entered a Memorandum Opinion and Order granting in part and denying in part the motions to dismiss and instructing Richardson to file an amended complaint consistent with the memorandum opinion. (Doc. 30).

On October 28, 2019, Richardson filed an amended complaint (doc. 31), and, again, the Board and its members moved to dismiss (doc. 33), as did the Superintendent. (doc. 34). Both of

---

[1] In accordance with the provisions of 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73, the parties have voluntarily consented to have a United States Magistrate Judge conduct any and all proceedings, including trial and the entry of final judgment. (Doc. 28).

1

the motions to dismiss were fully briefed (docs. 33, 34, 36, & 37). On May 18, 2020, the undersigned entered a Memorandum Opinion and Order granting in part and denying in part the motions to dismiss and instructing Richardson to file a second amended complaint consistent with the memorandum opinion. (Doc. 40).

On June 15, 2020, Richardson filed a Second Amended Complaint asserting claims against the Board and Dr. Stewart. (Doc. 43). The Board filed an Answer to the Second Amended Complaint. (Doc. 48). Dr. Stewart moved to dismiss the claims asserted against him in the Second Amended Complaint. (Doc. 49). That motion is fully briefed (docs. 49, 51, & 53). For the reasons stated below, Dr. Stewart's motion to dismiss (doc. 49) is **GRANTED**.

## I. Standard of Review

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain "a short and plain statement of the claim showing the pleader is entitled to relief." "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" are insufficient. *Iqbal*, 556 U.S. at 678. (citations and internal quotation marks omitted). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement." *Id.* (citing *Twombly*, 550 U.S. at 557).

Rule 12(b)(6), Fed. R. Civ. P., permits dismissal when a complaint fails to state a claim upon which relief can be granted. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (citations and internal quotation marks omitted). A complaint states a

facially plausible claim for relief "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted). The complaint must establish "more than a sheer possibility that a defendant has acted unlawfully." *Id. See also Twombly*, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level."). Ultimately, this inquiry is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

## II. Analysis

Richardson's Second Amended Complaint asserts six causes of action, each premised upon the alleged failure of the defendants to pay Richardson what she believes she is owed. (*See* doc. 43). Counts One and Three are asserted against Dr. Stewart. (*Id.*). Specifically, Count One alleges Stewart failed "to pay [Richardson] at a rate commensurate with her education, training, and experience as they did other employees who were male and/or under the age of 40." (Doc. 43 at ¶ 23). Count Three alleges that Dr. Stewart discriminated against Richardson because of her race by not paying her "at the same rate for her experience as non-African American individuals." (*Id.* at ¶ 33). Both Richardson and Dr. Stewart are African-American. Dr. Stewart argues these claims must be dismissed because he, as an employee of the Board, did not have the authority to set or adjust Richardson's pay. (Doc. 49 at 3-4).

Alabama Code § 16-11-17 states that "the city board of education shall fix the salaries of all employees. . . ." This plain language dictates that the Board, not Stewart, determines Richardson's rate of pay and the pay of all other Board employees. Accordingly, Richardson cannot state a claim against Stewart for deprivation of a federally protected right that is necessary to sustain a claim under § 1983, based on her pay.

In *Morris v. Bessemer City Board of Education*, another judge on this Court faced this same issue. No. 2:19-cv-01231-AMM, doc. 31.[2] The plaintiff attempted to assert a § 1983 gender-based Equal Protection claim against Dr. Stewart based, in part, on an alleged failure to pay her in a manner commensurate with other similarly situated male administrators. *Morris*, doc. 11 at ¶ 56. Relying on Alabama Code. § 16-11-17, United States District Judge Abdul K. Kallon held that, because Dr. Stewart "has no role in determining the compensation of employees such as the plaintiff, he cannot be responsible for any alleged gender disparity in pay." *Morris*, doc. 31 at 14. The same analysis applies in this case.

Richardson fails to challenge this proposition and cites no authority to the contrary. To the extent Richardson points to other portions of Judge Kallon's memorandum opinion in *Morris* (Doc. 51 at 5-6) (citing *Morris*, doc. 31 at 17-18), those sections address Morris's other claims, unrelated to her pay. As such, arguments based on those portions of the *Morris* memorandum opinion have no bearing on the claims in this case, which both relate to Richardson's pay.

Additionally, Richardson points to a January 18, 2019 letter, wherein Dr. Stewart explained that the Board "upheld my decision denying your request to be placed at a higher salary step . . . ." (Doc. 51 at 4) (citing doc. 51-1). Richardson argues this is an admission by Dr. Stewart that he personally denied her request for a pay adjustment. (*Id.* at 4-5). Richardson also points to an August 15, 2018 letter from the Board's legal counsel attempting to address her concerns. (*Id.* at 5) (citing doc. 51-2). Neither of these documents undermine the fact that the Board is the entity legally responsible for setting Richardson's salary, even if Dr. Stewart is somehow involved in that process. To the contrary, the exhibits reinforce the underlying principle that the Board is the

---

[2] On June 3, 2020, this case was reassigned from Judge Kallon to United States District Judge Anna M. Manasco. (Doc. 37).

final decisionmaker. While Dr. Stewart can make a recommendation to the Board, the Board is under no obligation to approve his recommendation. As such, Richardson cannot state a pay-based claim against Dr. Stewart.

### III. Conclusion

For the reasons stated above, Dr. Stewart's motion to dismiss (doc. 49) is **GRANTED**.

DONE this 21st day of August, 2020.

_____
**JOHN H. ENGLAND, III**
UNITED STATES MAGISTRATE JUDGE